**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

**RICARDO JOSUE MENDEZ GUEVARA**

           v.                                           Civil No. 25-cv-391-JL-TSM

**ANDREW ACKLEY**, ACTING WARDEN,
      FCI BERLIN;
**PATRICIA HYDE**, ACTING DIRECTOR,
      NEW ENGLAND FIELD OFFICE,
      U.S. IMMIGRATION AND CUSTOMS
      ENFORCEMENT;
**TODD LYONS**, ACTING DIRECTOR, U.S.
      IMMIGRATION AND CUSTOMS
      ENFORCEMENT;
**SIRCE OWEN**, ACTING DIRECTOR,
      EXECUTIVE OFFICE FOR
      IMMIGRATION REVIEW;
**KRISTI NOEM**, U.S. SECRETARY OF
      HOMELAND SECURITY;
**PAMELA BONDI**, U.S. ATTORNEY GENERAL

**O R D E R**

Petitioner, a civil immigration detainee from El Salvador, who is currently detained at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin") in ICE custody, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1), asserting claims of unlawful detention in violation of his Fifth Amendment right to due process; 8 U.S.C. § 1226; and the Administrative Procedures Act, 5 U.S.C. § 706. The Petition is before this court to determine whether the claims asserted are not facially invalid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b); LR 4.3(d)(4).

Petitioner states that on September 9, 2025, Immigration and Customs Enforcement ("ICE") officers arrested him in Revere, Massachusetts, without a warrant or probable cause. After his arrest by ICE, Petitioner was scheduled for a bond hearing in Immigration Court on October 7, 2025. At the scheduled hearing, the Immigration Judge determined that the court had no jurisdiction

to hold a bond hearing under the authority of the September 6, 2025, Board of Immigration Appeals ("BIA") decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). In Hurtado, the BIA states that all noncitizens present in the United States who entered the country without a lawful entry are subject to mandatory detention under 8 U.S.C. § 1225(b).[1]

Petitioner asserts here that he has a right to a bond hearing before the Immigration Court under 8 U.S.C. § 1226(a). Petitioner asks this court, among other things, to find that Petitioner is subject to detention, if at all, under § 1226(a); to enjoin the respondents from applying Hurtado to deny Petitioner a bond hearing, and order Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge under § 1226(a); or to order Petitioner's immediate release from ICE custody under reasonable conditions of supervision.

The claims in the Petition do not appear to be invalid, and thus warrant service. Accordingly, the clerk's office shall:

- Immediately provide a copy of this Order to the Civil Bureau Chief of the Office of the U.S. Attorney for the District of New Hampshire;

- Deliver a copy of the Petition and this Order to the Office of the U.S. Attorney for the District of New Hampshire, to the attention of the Civil Process Clerk;

- Send copies of the Petition and this Order by certified mail to:

  o **Andrew Ackley**, Acting Warden, FCI Berlin, 1 Success Loop Rd., Berlin, NH 03570;

  o **Patricia Hyde**, Acting Director, New England Field Office, U.S. Immigration and Customs Enforcement, 1000 District Ave., Burlington, MA 01803;

---

[1] Decisions from a number of courts, including the decision of another judge in the District of New Hampshire, in Jimenez v. FCI Berlin, Warden, --- F. Supp. 3d ----, 2025 WL 2639390 (D.N.H. Sept. 8, 2025), disagree with the BIA's conclusion in Hurtado.

o      **Todd Lyons,** Acting Director, U.S. Immigration and Customs Enforcement,

500 12th St. SW, Washington, D.C. 20536;

o      **Sirce Owen**, Acting Director, Executive Office for Immigration Review,

5107 Leesburg Pike, Falls Church, VA 22041;

o      **Kristi Noem,** U.S. Department of Homeland Security Secretary, 2707

Martin Luther King Jr. Ave. SE, Washington, D.C. 20528; and

o      **Pamela Jo Bondi,** U.S. Attorney General, 950 Pennsylvania Ave. NW,

Washington, D.C. 20530.

Respondents are directed to file an answer or dispositive motion in response to the Petition

(Doc. No. 1) within seven days of the date of this Order.  If any respondent files a dispositive

motion in lieu of an answer, that respondent's deadline for filing an answer is extended until

fourteen days after the court rules on the dispositive motion.  No more than fourteen days after the

answer is filed, respondents shall file either a motion for summary judgment, or a statement

representing that an evidentiary hearing is necessary.

Any party may request a case management conference at any time in this matter, including

prior to the date when service is completed.

Respondents shall provide this court with at least 72 hours advance notice of any scheduled

removal or transfer of petitioner out of this court's jurisdiction.  Notice of petitioner's release from

custody may be provided after the fact.

SO ORDERED.

_____
Talesha L. Saint-Marc
United States Magistrate Judge

October 10, 2025

cc:     Amy McGarry, Esq.

3